Hawkins, J.,
dissenting :
I cannot concur in the opinion of the majority of the Court in this cause.
I think the agreement entered into and signed by Stephens, the plaintiff, and Norwood, one of the defendants in the court below, on the 6th of December, 1866,. by which they submitted the matters in controversy to their counsel for arbitratration, with power, in case of disagreement, to call in an umpire, and whose award they agreed should be final, without making provision that the award should be made the judgment of the court; or that the jurisdiction of the court over the cause should continue, operated as a discontinuance of the cause, as to Norwood.
A submission of a cause in court, to arbitrators without sqeh provision, operates as a discontinuance of the suit: 10 Yerger, 439; 2 Humph., 516; 6 Humph., 29; 7 Humph., 66; 9 Humph., 112; 1 Cold., 256; 2 *9 Wend., 505; 12 Wend., 503; 2 Bouvier’s Law Die,, Submission, and other authorities cited, embracing decisions of the courts of New York, Tennessee, Massachusetts, Virginia, Wisconsin, Maine, Vermont, New Jersey, North Carolina, and Texas.
It must be observed, that, according to these authorities, it is the submission of the cause to arbitrator that works a discontinuance of the cause.
A submission is defined to be an agreement by which parties agree to submit their differences to the decision of a referee or arbitrators.
It is the authority given by the parties to the arbitrators, empowering them to inquire into and determine the matters in dispute, and may be, in pais, or by rule of court. It may be oral or written, by indenture with mutual covenants, to abide by the decision of the arbitrators, by deed, poll, or by bond.
See 2 Bouv. Law Die., Submission, and various authorities cited.
The agreement of the parties, to refer the cause to arbitrators, is a submission of the cause.
If is the agreement which confers upon the arbitrators the power to act, and their power over the cause depends alone upon the agreement of the parties. It is the agreement that transfers the jurisdiction of the cause from the tribunal in which it was pending to another and different tribunal; and inasmuch as it is by virtue of the agreement that jurisdiction of the cause is given to another tribunal* it follows that the tribunal in which the cause wa£ pending, prior and up to the time of the agreement, loses all jurisdiction over *10 the same at the moment the agreement is entered into; else two tribunals must have jurisdiction of the same cause at the same time.
The jurisdiction of the arbitrators is complete upon the agreement of the parties; and the jurisdiction of neither tribunal is dependent upon whether the arbitrators choose to exercise the power conferred, or decline to do so.
They may exercise the power conferred upon them by the agreement of the parties, or they may decline to do so, at their option. But, in case they choose to exercise the power, their award derives all its validity from the agreement of the parties, and not from the fact that they have assumed to exercise the power.
It. is said either party may revoke the authority of the arbitrators; and it is argued therefore, that they have no jurisdiction of the cause until it has actually been placed before them for trial.
It is true, either party may revoke the power; but it is equally true, that, if no valid revocation has been made, and the arbitrators proceed, in pursuance of the original agreement, to make an award, even after one of the parties has declined to appear before them or to present his side of the case to the arbitrators, and declared his unwillingness to abide their decision, such award will be valid and binding. And this proves that the power of the arbitrators is derived from the original agreement of the parties, and not from their subsequent action.
The question whether a tribunal has jurisdiction over a cause, has never been supposed to depend upon the fact of the exercise of such jurisdiction; nor has it *11 ever been supposed that the rightful jurisdiction of any tribunal over a cause could be defeated by the refusal of such tribunal to exercise such jurisdiction.
Such a doctrine would enable every tribunal arbitrarily to determine and terminate its jurisdiction in every cause, without any regard to the law regulating the jurisdiction of such tribunals.
I do not think the case of Elliott vs. Wilkinson, 8 Yer., 411, can be relied upon as authority in this case.
Wilkinson had obtained a judgment against Elliott before a Justice of the Peace, in October, 1833. In December, afterwards, Elliott removed the cause into the Circuit Court by certiorari, alleging in his petition, “that when the judgment was rendered he had appealed from it to the County Court; that before the appeal was carried up, the parties agreed to arbitrate the matter, and entered into a written agreement to that effect; that said arbitration was not gone into by the default of Wilkinson.”
When the cause was called for trial in the Circuit Court, petitioner’s counsel moved the Court to quash the execution on the ground that the judgment had been annulled, and in support of this motion, introduced the arbitration agreement. Each party then insisted the other was to blame for a failure to carry out the agreement.
The case was tried de novo in the Circuit Court. The plaintiff recovered a judgment, and the defendant appealed.
All this Court said upon the subject of arbitration was this: “The submission to an arbitration which was *12 not gone into, could have no effect, is an objection without merits, and must be disregarded.”
It will be observed, that at the time this agreement was entered into no suit was in fact pending between the parties.
It is true, the petitioner averred he had appealed to the County Court, but it does not appear such was the fact.
And in this view of the case it stood in the Circuit Court as though the parties had agreed to arbitrate the matters in dispute before suit was instituted.
It will further be observed, that it does not appear there had been any submission in that case, or any thing more than an agreement to arbitrate, without any selection of arbitrators.
And, the only question was, did such agreement defeat the plaintiff’s right to recover in the Circuit Court, after the cause had been removed into the Circuit Court, for trial de novo upon the petition of the defendant?
I think, therefore, that case is not parallel to this, and can not be regarded as authority upon the question presented in this case.
Again: if the complainant in that case, meant to hold, that, if parties to a pending suit agree to submit the matters in dispute to arbitrators, such agreement could have no effect unless the arbitrators actually accepted and entered upon the discharge of the duties assigned them, I think it is hot only unsupported by authority* but is also overruled, by the case of Jewell vs. Blankenship, 10 Yer., 439.
*13 In that case) as appears from the Reporter’s statement, after the cause had been pending for some time, it was submitted to arbitrators. The defendants pleaded puis darrein continuance, that the parties had, by bond, submitted the matters in dispute to five of their neighbors
The plaintiff replied that the arbitrators had taken the case under consideration, and had refused to decide it.
The defendants demurred. Upon appeal to this court, tlie demurrer was sustained.
It is true the replication averred that “the arbitrators had taken the case under consideration, and had refused to decide it.” But that fact was not alluded to ill the opinion of the Court.
The Court said: “If parties having a suit in court, by their own voluntary act, submit the actions and cause of actions to another tribunal, selected by themselves, and do not choose, by making their submission a rule of the court, to continue its jurisdiction over the cause, and to subject the arbitrators and their action to the court, the jurisdiction of the court has been determined) by their own act, and the cause will be discontinued.”
It is clear the Court understood the agreement of the parties to be the submission, ahd therefore hold, that, if they “do hot, by making their submission a rhle of the court, etc.,” the jurisdictioü has, by such submission, beétt determined: Citing Gem vs. Patcher, 13 Weud. Rep., 294.
Touching the effect of a submission of k cause to *14 arbitration, our eourts have uniformly adopted the principles laid down by the courts of New York.
The precise question involved in this case, came before that court, in the case of Larkin vs. Robins: 2 Wend, 505.
In delivering the opinion of the Court in that case, Marcy, Judge, said: “The distinction that the plaintiff in error makes between a submission never acted upon by the arbitrators, and one which has been followed up by an award or hearing by the arbitrators, does not appear to have been recognized by the courts;, nor do I see any good reason for such distinction.”
“The reason that the submission operates as a discontinuance, is not because the subject of the suit is otherwise disposed of, than by the decision of the court in which it was presented, but because the pax-ties have selected another tribunal for the trial of it.
“The Court will not look to the proceedings of that tribunal, to determine whether the suit is gone beyond its jurisdiction. It is sufficient that the parties have selected their arbitrators, and concluded their agreement to submit to them. It is this agreement which withdraws the cause from the court and effects the discontinuance of the suit.”
Without pursuing the investigation further, it is sufficient to say, that I think the great weight of authority sustains the view I have taken of this case.
I am, therefore, of the opinion the Circuit Court erred in refusing to dismiss the suit as to Norwood, Upon his motion: 1 Cold., 256.